David A. Chami, Esq. AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
P: 866-881-2133
F: 866-401-1457
E: david@pricelawgroup.com
*Attorney for Plaintiff*
*Mohammed S. Patwary*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MOHAMMED S. PATWARY,<br><br>          Plaintiff,<br><br>vs.<br><br>GURSTEL LAW FIRM, P.C. F/K/A<br>GURSTEL CHARGO, P.A.<br><br>          Defendant(s). | *Case No.:*<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF THE FDCPA**<br><br>**15 U.S.C. § 1692 et al.** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Mohammed S. Patwary, ("Plaintiff") through his attorney, David A. Chami, Esq. of Price Law Group, and brings this Complaint and Demand for Jury Trial ("Complaint") against Gurstel Law Firm, P.C. f/k/a Gurstel Chargo, P.A. ("Gurstel"), ("Defendant") to stop Defendant's unlawful debt collection practices. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

/ / /

/ / /

- 1 -

**INTRODUCTION**

1.  Plaintiff's cause of action is based upon the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al ("FDCPA"). The FDCPA prohibits false or deceptive practices in connection with the collection of debts.

**JURISDICTION**

2.  The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1692.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendant transact business in this district, as such personal jurisdiction is established.

**PARTIES**

4.      Plaintiff Mohammed S. Patwary is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

5.      Defendant Gurstel Law Firm, P.C. f/k/a Gurstel Chargo, P.A., is a Minnesota corporation, incorporated and doing business in Arizona. The Statutory Agent is CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012. At all times relevant hereto, Gurstel is a debt collector as defined and governed by the FDCPA.

**FACTUAL ALLEGATIONS**

6.      In or around January 2006, Plaintiff moved to Arizona from California.

7.      Prior to residing in California, Plaintiff resided in Toronto, Canada.

- 2 -

8.      On January 17, 2006, Plaintiff was hired by the Arizona Department of Transportation ("ADOT") as an Transportation Engineer 1.

9.      On February 1, 2007, Plaintiff purchased his current residence in Laveen, AZ.

10.     Plaintiff has never visited or resided in the State of Virginia.

11.     Plaintiff's Arizona residency and employment with the ADOT was continuous and remains the same to date. (*See attached as Exhibit A, Verification of Employment.*)

12.     Plaintiff currently holds three different credit accounts with Capital One Bank; all of which are in good standing.

13.     At an unknown date, Mohammed M. Patwary ("MMP") opened an account with Capital One Bank.

14.     MMP resided at 839 Locust Street, Apt. 208, Herndon, Virginia 20170. (*See attached as Exhibit B, Capital One statement for MMP.*)

15.     At some point Defendant, directly or indirectly, concluded that MMP's debt belonged to Plaintiff.

16.     On or about April 2, 2017, Plaintiff received his first debt collection letter at his Arizona home from Defendant. Defendant's letter was regarding MMP's account ending in 1181. The total amount sought by Defendant was $3,511.81.

17.     Plaintiff, who had three accounts with Capital One, contacted Capital One who confirmed that the debt belonged to a different individual and further assured Plaintiff that he need not respond.

18.     On or about June 8, 2017, Plaintiff received another debt collection letter from Defendant. Defendant's letter was regarding MMP's account ending in 3956. The total amount sought by Defendant was $3,028.84.

19.     Upon receiving the second collection letter, Plaintiff contacted Capital One; Plaintiff was assured that it was an error and he need not take further action.

20.     On or about June 21, 2017, Defendant completed service of process upon a co-occupant of Plaintiff's residence.   Defendant served the Summons, Complaint, and Notice to Defendants as to Case No. CC2017-110234RC filed with the South Mountain Justice Court.

21.     On July 21, 2017, Defendant entered an Application for and Affidavit on Entry of Default. In support of the Application, Defendant provided a Military Status Report dated 07/21/17 for MMP. The Status Report included the last four digits of MMP's social security number; this number does not match Plaintiff's social security number.

22.     On July 26, 2017, the Plaintiff received a letter from Defendant at his residence indicating that a Summons and Complaint was served on MMP at Plaintiff's address related to account ending in 1181; this account does not belong to Plaintiff

23.     On August 23, 2017, Defendant entered a Request for Entry of Default Judgment Without Hearing. In addition, Defendant entered an Affidavit in Support of Request for Entry of Default; and the Statement of Costs and Notice of Taxation of Costs. In support of the Affidavit, Defendant provided a Military Status Report dated 08/23/17 for MMP. The Status Report included MMP's social security number.

- 4 -

24.     In or around September of 2017, Plaintiff spoke to Capital One's Customer Service Rep; Agent Id. JKL 720.

25.     He was provided a reference # 1885066762 and told that the debt belonged to MMP and promised to resolve the issues with Defendant.

26.     Finally, on November 7, 2017, Plaintiff took it upon himself to file a Motion to Vacate/Set Aside Judgment. Plaintiff filed the Affidavit of Service 11/14/17.

27.     Shockingly, on November 29, 2017, Plaintiff received a letter from Defendant at his residence indicating that after an investigation that Defendant concluded that the debt related to the account ending in 1181 belonged to Plaintiff despite the different name and social security number.

28.     On February 1, 2018, the Court issued a Notice of Court Date – Hearing Set related to Plaintiff's motion to set aside/vacate the default judgment.

29.     On February 21, 2018, Defendant entered a Response to Plaintiff's Motion.

30.     On March 6, 2018, Plaintiff requested time off from work to appear at the hearing and presented evidence as to his identity in Open Court. Plaintiff disclosed his Driver's License and Social Security Card, amongst other documentation evidencing his identity. This information was provided directly to Defendant.

31.      Despite the incontrovertible evidence, Defendant refused to stipulate to vacate the default and dismiss the bogus judgment.

32.     Oral Argument on the Plaintiff's Motion is currently set for April 5, 2018, at 10:45AM despite Plaintiff having provided incontrovertible evidence that the debt does not belong to Plaintiff.

- 5 -

**CAUSE OF ACTION**
**Violations of the FDCPA, 15 U.S.C. § 1692 et al.**

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt under § 1692d.

35.     By attempting to collect a debt owed by another, including filing suit against Plaintiff and not immediately dismissing said action upon receipt of incontrovertible evidence, Defendant violated § 1692d.

36.     Defendant used false, deceptive, and/or misleading representations and/or means in connection with the collection of the debt from Plaintiff.

37.     By attempting to collect a debt owed by MMP, Defendant misrepresented the nature, status and character of the debt under § 1692e(2)(A).

38.      By threatening to sue, and actually suing Plaintiff, Defendant is in violation of § 1692e(5) because they threatened to take action that they could not legally take.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff moves for a certification and judgment against the Defendant and Gurstel as alleged for the following:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Punitive Damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

1    D.    Any pre-judgment and post judgment interest as may be allowed under the

2  law; and

3

4    E.    For such other and further relief as the Court may deem just and proper.

5    **<u>DEMAND FOR JURY TRIAL</u>**

6  Please take notice that Plaintiff demands a trial by jury in this action.

7  Respectfully submitted this 27th day of March, 2018.

8

9                          **PRICE LAW GROUP, APC**

10                         By:  /s/David A. Chami

11                         David A. Chami, Esq. AZ #027585
                           P: 866-881-2133
12                         E: david@pricelawgroup.com
                           *Attorney for Plaintiff Mohammed S. Patwary*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28